ROME RAILROAD COMPANY, plaintiff in error, *vs.* SULLI-
VAN, CABOT & CO., defendants in error.

1. A charge of the Court, consistent with the law and the facts of the case, furnishes no ground for new trial.
2. The presiding Judge charged the jury, "that if they believed from the evidence, that there was a contract to ship the cotton to Charleston, South Carolina, and the defendant failed to transport the same to Charleston in a reasonable time, and the plaintiffs were damaged by the delay, the defendant was liable": *Held*, that the charge was correct.
3. A verdict in accordance with the law and the facts of the case will be maintained.
4. A judgment of non-suit should not be awarded, where the evidence sustains the plaintiffs' action.

Case in Floyd Superior Court. Tried before Judge D. F. HAMMOND, at July Term, 1860.

The action in this case was brought by Sullivan & Cabot, alleging that they delivered to the Rome Railroad Company, a common carrier, forty bales of cotton, to be transported from Rome, Georgia, to Charleston, South Carolina, and that by reason of unnecessary and unreasonable delay in transporting the cotton, according to contract, the plaintiffs sustained damage amounting to $500 00.

On the trial of the case the plaintiffs introduced in evidence a receipt, of which the following is a copy, to-wit:

"ROME, GEORGIA, January 10, 1851.
"Received from Sullivan & Cabot, forty bales of cotton, marked as per margin, consigned to Robinson & Caldwell $\frac{12}{(C.)}$ twelve $(S.\overset{17}{C}.)$ seventeen $\dfrac{\overset{3}{0.\ 0.}}{0.}$ seven $(S.\overset{4}{C}.)$ four."

This receipt was enclosed to Robinson & Caldwell, commission merchants and cotton factors, at Charleston, South Carolina, who, on presenting it at the office of the South Carolina Railroad Company, in Charleston, received the cotton as consignees.

The plaintiffs also proved, that cotton shipped from Rome

Rome Railroad Company vs. Sullivan, Cabot & Co.

on the 10th of January ought, with diligence, to have reached Charleston within a week; that thirty-nine bales of cotton reached Charleston on the 25th of February, 1851, and eight bales on the 28th of February; that Robinson & Caldwell made sale of the cotton as soon after it was received as they could do so to advantage, that is, they sold thirty-one bales on the 27th February for eleven cents per pound, eight bales on the 7th March for eight cents per pound, and one bale on the 17th April for eleven and a half cents per pound.

The plaintiff further proved, that if the cotton, which weighed, in the aggregate, seventeen thousand four hundred and ninety-two pounds, had been received within a week from the date of the receipt of the same, by the Rome Railroad Company, it could have been sold for from two and a quarter to two and a half cents per pound more than was realized for it, the price of cotton having declined rapidly about that time; that the usual and customary mode of transacting business at that time was, for the consignor to forward the receipt for the cotton to the consignee, who, on exhibiting the same, and leaving it in the office of the South Carolina Railroad Company, received the cotton.

The plaintiffs closed their testimony at this point, and counsel for defendant moved the Court to non-suit the plaintiffs, on the ground that the evidence did not sustain the action. The Court overruled the motion, and defendant excepted.

On the part of the defendant, it was shown, that the delay in shipping the cotton from Rome was owing to the great accumulation of cotton on the platform, want of cars to move it off, and the inability of the Western and Atlantic Railroad to carry it away from Kingston, which is the terminus of the Rome Railroad, and that the plaintiffs were aware of these facts, and were allowed to place their cotton on the platform, to be shipped in its turn, which came round in about twenty days from the time it was placed there. The defendant also proved, that it was notorious in Rome, that cotton could not be shipped promptly, and offered much

other testimony to excuse and palliate the failure to send the cotton away in due time.

The presiding Judge charged the jury, amongst other things. "that they had a right to take into consideration the brief receipt, offered in evidence by the plaintiffs, with all the facts in the case, to show that the defendant entered into a special contract to carry the cotton either to Charleston or to Augusta, and that they would have a right to find, that such special contract was made, provided all the facts would prove it, and that if they believed, from all the evidence, that there was a contract to ship the cotton to Charleston, South Carolina, and the defendant failed to ship and transport it accordingly within a reasonable time, and the plaintiffs were damaged by the delay, the defendant was liable."

The Court further charged the jury : "that to entitle the plaintiffs to recover upon the contract to Charleston, they must prove such contract to carry to Charleston, and that to entitle the plaintiffs to recover upon a contract to carry to Kingston, they must prove the damages that occurred by a failure to carry to Kingston within a reasonable time."

The defendant's counsel requested the Court to charge the jury: "that if the Rome Railroad Company had sufficient cars, whether rented or not, to do their business, that that was all could be required of them, provided they did the business required.

The jury returned a verdict in favor of the plaintiffs for $393 57, with costs of suit, and counsel for defendant moved for a new trial, on the following grounds :

1st. Because the jury found contrary to evidence, and contrary to law, and that the verdict was strongly and decidedly against the weight of the evidence.

2d. Because the Court erred in not awarding a non-suit, as before stated.

3d. Because the Court erred in giving the charge first hereinbefore stated.

4th. Because the jury found contrary to the charge, secondly hereinbefore stated.

5th. Because there was no evidence of any damage, by the

failure to carry to Kingston, and there was no evidence of a contract to carry to Charleston.

6th. Because the Court erred in refusing to give the charge requested, and hereinbefore stated.

The presiding Judge overruled the motion and refused the new trial asked for, and the plaintiff in error seeks, by his writ of error, a reversal of that judgment.

A. R. WRIGHT and D. S. PRINTUP, for plaintiff in error.

J. W. H. UNDERWOOD, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

This is the second appearance of this case in this Court, and each writ of error was preceded by a verdict for plaintiff in the Court below.

At the former hearing in this Court, the judgment below was reversed, on the ground that the plaintiff in the action had alleged a special contract to transport the cotton to Charleston, South Carolina, and had proven a contract to transport it to Augusta, Georgia. This Court then held " that the Rome Railroad Company has a right, under the powers granted by its charter, to contract to deliver produce at a point which can only be reached by passing it over connecting roads," and thus settled a very important question in the case. After the return of the case for a re-hearing to the Court below, the plaintiffs amended their declaration by adding a count upon a contract to transport the cotton to Augusta, Georgia, and deliver it to the agent of the South Carolina Railroad, and also an averment that they had been injured by a delay of twenty-one days in the shipment of cotton from Rome to Kingston. From a comparison of the report of the case, in 25th Georgia Reports, 228, and the record now before us, it appears that the evidence adduced on the last trial varies materially from that in the first. We see in the record now before us no evidence of a contract to transport to, and deliver at, Augusta, but there is evidence of a contract to transport and deliver at Charleston. The error now assigned

is, the refusal of the Court below to grant the plaintiff in error a new trial on the grounds assigned in this motion which we proceed to consider.

1st. We see no error in the charge of the Court to the jury, "that they might consider the receipt of the Rome Railroad Company, together with all the facts of the case, to ascertain whether the defendants entered into a special contract to carry the cotton either to Augusta or to Charleston, and that the jury would have the right to find that such a contract was made, provided all the facts of the case, taken together, would prove it."

What is meant by "a special contract," as that term is used, in the opinion of the Court, in 25th Georgia Reports, 228, and in the charge of the Court below? Certainly not a contract by specialty, for it is not pretended that such an one was made in this case; and for the same reason not a contract in writing, clearly and distinctly setting forth the understanding between the parties. By the last paragraph of the opinion before cited, it is manifest that by the term "special contract" this Court meant a contract to carry the cotton to some point beyond the terminus of the road belonging to the plaintiffs in error. The receipt, itself, is in the following words:

"ROME, GEORGIA, January 10, 1851.

"Received from Sullivan & Cabot, forty bales of cotton, marked as per margin, consigned to Robinson & Caldwell $_{(C.)}^{12}$ twelve $_{(S. C.)}^{17}$ seventeen $\dfrac{\overset{3}{0.\ 0.}}{0.}$ seven $_{(S. C.)}^{4}$ four."

It will be perceived that this receipt is exceedingly meagre, doubtless perfectly intelligible to the parties contracting, but not at all so, without further evidence to a stranger to the usages of that trade. The place of delivery is not mentioned in it. The carriers acknowledge, in effect, that they received it, to be delivered to Robinson & Caldwell, and the legal inference would be, to be delivered at their place of business; but recourse must be had to *aliunde* evidence to

Rome Railroad Company *vs.* Sullivan, Cabot & Co.

ascertain whether that place be Kingston, Atlanta, Augusta or Charleston. It is not specified within what time the cotton should be delivered to the consignees.

The law implies a reasonable time; but *aliunde* evidence must be invoked to show what is a reasonable time. It is not clearly expressed in the receipt whether or not the consignor had to perform any other act, on the line of transportation, to insure the arrival of the cotton at its ultimate destination, nor upon what showing the consignees might claim the cotton when so arrived; but *aliunde* evidence brings out the usage and custom governing the business. It establishes the fact that, conforming to that usage and custom, the consignees at Charleston presented this identical receipt, which the first carrier on the line executed and delivered to the consignor, at the depot of the last carrier on the line, and upon the faith of it alone, received the cotton. All these facts were in evidence, and they elucidated the meaning and effect of the receipt as understood by the parties. The charge of the Court very correctly instructed the jury to consider these facts in connection with the receipt, in making up the verdict.

2d. The correctness of the charge "that if the jury believed, from the evidence, that there was a contract to ship the cotton to Charleston, South Carolina, and the defendant failed to transport the same to Charleston in a reasonable time, and the plaintiffs were damaged by the delay, the defendant was liable," is too apparent to admit of argument.

3d. Having carefully considered the evidence in the case, and the law arising upon it, we are quite satisfied that violence is done to neither, nor yet to the third item in the charge of the Court, by the verdict.

4th. It is scarcely necessary to add, that we think the motion for a nonsuit was properly refused. There have been three concurring verdicts in this case. The second was set aside upon a technical rule, to which the last is not obnoxious. We think they all accord with justice, and that litigation between the parties should cease.

Let the judgment be affirmed.