son. The author has collected and cited over three thousand cases contained in the State, Federal, and English reports, besides citing late decisions from current legal periodicals. The work is divided into ten chapters, one of which treats of comparative negligence, giving the modified rule in Illinois, Kansas, Georgia, Tennessee and Kentucky. This chapter is of especial interest to the profession of Georgia. The author gives a critical analysis of the decisions af the Supreme Court of the State on this important subject. He states, " the Georgia rule upon this subject differs, on the one hand, from the general rule of contributory negligence, and on the other hand from the exceptional rule of comparative negligence ;" also, " that taking the decisions in point as a whole, from first to last, it may be said that the rule in Georgia is not settled." This work will prove invaluable to the profession who have cases on this subject. It is printed and bound in best law book style, contains 560 pages, and is published by Baker, Voorkis & Co., New York

The Supreme Court of Georgia rendered no decisions for the week ending November 28, 1885.

## THE SUPREME COURT OF GEORGIA,

*Decisions Rendered November 17, 1885.*

REPORTED BY J. H. LUMPKIN, REPORTER.

COLUMBUS & WESTERN RAILWAY *vs.* FLOURNOY & EPPING.

ASSUMPSIT FROM MUSCOGEE. Damages. Common Carriers. Railroads. Profits. Evidence. (Before Judge Willis.)

Jackson, C J.— 1. The measure of damages against a carrier, when he fails to deliver goods in a reasonable time, in the absence of a special contract, is the difference in the market value of those goods when actually delivered from their value if delivered in a reasonable time. When there is no special contract sued on or proved, it was error to admit evidence to show that the consignees had bargained off the cotton shipped at three-eights of a cent per pound over the market price, if they could have received it within a reasonable time, though the carrier knew nothing about that bargain, was not informed of it and not in privity with it at all.

2. Whether goods shipped are delivered by the carrier within a reasonable time, is a question of fact for the jury, and depends on the facts of each case, including the time ordinarily required for carriage between the two poin's, the preparations made by the carrier, whether ample or not, the effort at dispatch, the information given to the shipper of peculiar reasons for speedy transit and delivery, the character of the freight, and kindred circumstances.

(a) Questions not decided by the Court below can not be reviewed here.

Judgment reversed.

Peabody & Brannon ; Smith & Russell, for plaintiff in error.

Hatcher & Peabody, for defendants.

---

## Ledsinger *vs.* Central Line Steamers.

Case from Muscogee. Railroads. Partnership. Actions. Amendment. Torts.
(Before Judge Willis.)

Jackson, C. J.—Where suit was brought against the Central Line of Steamers, a copartnership alleged to be engaged as common carriers in running a line of boats and composed of an individual and a railroad company, in whose charter no power to form such a partnership appears such action was demurrable. There was nothing in it to amend by, and it was proper to refuse an amendment by which it was sought to sue the natural person and the company as individual tort feasors united in a common venture as carriers. Gunn *vs.* Central Railroad (February Term, 1885), pamphlet p. 12.

Judgment affirmed.

Hatcher & Peabody, for plaintiff in error.

Peabody & Brannon, for defendant.

---

## Phelps *vs.* State.

Murder from Randolph. Criminal Law. Charge of Court. Continuance. Practice in Superior Court. (Before Judge Simmons.)

Jackson, C. J.—1. The verdict was fully sustained by the evidence.

2. When taken in connection with the entire charge of the Court, including the charge on the subject of reasonable fears, there was no error in charging that "if Daniel (the deceased) was cursing Phelps (the defendant), and called for his pistol, and Phelps pulled his pistol