7298

### JENKINS v. ATLANTIC COAST LINE R. R. CO.

1. CARRIER—FREIGHT.—Under claim for value of lost freight and freight charges, consignee may recover value of freight only.

2. A DEPOSITION TO BE USED IN MAGISTRATE COURT need not be fastened with a seal across the flap of the envelope having an outward imprint, but it is sufficient if it be sealed with mucilage. That the title of the case is not indorsed across the flap is a mere irregularity which does not affect its validity.

Before WILSON, J., Sumter, July, 1908.   Affirmed.

Action by R. M. Jenkins against Atlantic Coast Line Railroad Company, in court of Magistrate H. L. B. Wells. From Circuit order affirming judgment of magistrate, defendant appeals.

*Messrs. P. A. Willcox* and *Mark Reynolds,* for appellant.

*Messrs. Lee & Moise,* contra.

October 5, 1909.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This action was commenced before a magistrate to recover damages for the loss of fourteen barrels of flour of the value of $52.50, together with interest thereon from the 17th of July, 1907, received by the defendant for transportation from Evansville, Ind., to St. Charles, S. C.

The magistrate rendered judgment in favor of the plaintiff for the sum of $55.05.   This judgment was affirmed on appeal to the Circuit Court, and the defendant appealed upon exceptions, the first of which is as follows:

"Because his Honor erred in not reversing the magistrate, the plaintiff having put in evidence a claim dated July 15, 1907, filed with the agent at the point of destination, on the 17th of July, 1907, for $52.50, relying upon this claim to prove his loss and demand; whereas, the third stipulation in the plaintiff's contract with the

railroad company required the plaintiff to make the complaint in writing to the agent at the point of delivery promptly after the arrival of the property; 'if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event.' "

It is admitted by the appellant's attorney that the plaintiff, within the thirty days stipulated in said contract, duly filed, on the 14th of March, 1907, a claim for $52.50, the value of the fourteen barrels of flour, and for $8.96, freight for transportation, aggregating $61.46.

The plaintiff's witnesses testified that another claim was filed, on the 17th of July, 1907, for $52.50, the value of the fourteen barrels of flour, but omitting the item for freight.

The defendant's witnesses testified that the second claim was not filed.

Even if the second claim was not filed, we fail to see why the plaintiff should not recover, under the first claim, the amount to which the testimony showed he was entitled, to wit: $52.50, with interest as found by the magistrate.

The second exception is as follows: "Because his Honor erred in sustaining the judgment of the magistrate, who held that the plaintiff was not bound by the claim which was filed on the 14th of March, 1907, for $61.46, which claim, so filed, was within the requirements of plaintiff's contract with the railroad company."

We fail to discover in the record that the magistrate ruled as alleged in the exception.

The third exception is as follows: "Because his Honor erred in sustaining the ruling of the magistrate, admitting deposition in evidence over the following objection of the defendant: That upon a casual inspection of the envelope containing deposition there is no seal over the flap of the envelope of such a character as would hold same intact. 2. There is no seal that would be broken by the opening of the envelope, upon which any impression

could be made to identify the seal as that of the notary taking the deposition. 3. The deposition could have easily been opened and resealed, and it would have been impossible to detect the fact, and the name and style of the case was nowhere indorsed on the envelope."

The testimony was taken under section 992 of the Code of Laws, which provides: That "when such examination is made by another it shall be sealed up, with the title of the case indorsed, and conveyed by a disinterested person to the magistrate authorizing the same, or mailed and the postage prepaid."

There is no such requirement in this section, as we find in section 2883 of the Code of Laws, that the deposition should "remain under its seal until opened in Court."

The words, "sealed up," have reference to the manner in which the envelope containing the deposition was to be closed or fastened, with mucilage or other like substance, and not to a seal in its ordinary acceptation, denoting an outward imprint.

These views dispose of the first and second grounds. The fact that the title of the case was not indorsed on the package containing the deposition was not a sufficient reason for refusing to allow the testimony to be introduced in evidence, as the objection was purely technical, and section 368 of the Code provides, that "upon hearing the appeal (from a magistrate's judgment) the Appellate Court shall give judgment according to the justice of the case, without regard to technical errors which do not effect the merits;" thus showing that the third ground is also untenable.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.