WESTERN AND ATLANTIC RAILROAD COMPANY *v.* SUMMEROUR.

ATKINSON, J.  1. On the trial of an action for damages against a common carrier for negligence in the transportation of certain peaches by a railroad company from Dalton, Georgia, to Akron, Ohio, which were alleged to have arrived at destination in a decayed and damaged condition because of a failure of the carrier to properly ice the cars in which the peaches were shipped, and to transport them within a reasonable time, it was competent for a witness as an expert to give in testimony his opinion touching the cause of the decay of the peaches, who also testified that he was an officer in a company of commission merchants who were "wholesale jobbers of fruits and produce; had been engaged in purchasing and selling peaches for ten years and handling them for that length of time; was familiar with the various causes which caused peaches to deteriorate in transit; and from the condition of the fruit, if deteriorated, he could distinguish between the causes of such deterioration."

2. Whether goods shipped are delivered by the carrier within a reasonable time is a question of fact for the jury, and depends upon the facts of each case.  *Columbus & Western R. Co.* v. *Flournoy & Epping*, 75 *Ga.* 745.  Facts of the character mentioned in the preceding note, where there was no other testimony relating to the experience of the witness with transportation of shipments between the initial point and the destination, or to his general knowledge of the transportation business, were not sufficient· to authorize the witness, as an expert or otherwise, to give in evidence his opinion of what would amount to a reasonable time for the transportation of the goods so shipped.

3. On the trial of an action of the character mentioned in the first headnote, upon proof that the goods were damaged while in the hands of the carrier the burden of proof would be cast upon the carrier to show either that it was free from negligence, or that notwithstanding its negligence the damage occurred without its fault; that is, that its negligence did not contribute to the damage.  *Central R. Co.* v. *Hasselkus & Stewart*, 91 *Ga.* 382 (3), 385 (17 S. E. 838, 44 Am. St. R. 37).  This rule was not aptly applied by the judge when he instructed the jury:  "I charge you that if the fruit, the peaches, were in good condition and properly loaded, that if the plaintiff has shown that, and has shown further that they reached their destination in a damaged condition, that the burden of proof would then be upon the railroad company to show either that the fruit was not in a proper condition when loaded, or was not properly loaded, or that the cars were properly iced and shipped within a reasonable time and reached their destination in a reasonable time; and if the railroad company shows this, then the plaintiff can not recover.  Otherwise, as I have stated, if the plaintiff shows that the fruit was in good condition and properly loaded, and reached the destination in a damaged condition, then the presumption would be against the defendant company, and it would have to show either that the fruit was not in good condition, or that it was not properly loaded, or that the company did properly ice it and shipped it in a reasonable time, and that it reached its destination in a

35

reasonable time, in order to defeat the recovery." The charge, however, was not subject to the criticism that it incorrectly stated "what proof would shift the burden from plaintiff to defendant." The inaccuracy of the charge consists in stating certain specific things necessary to be done by defendant in order to support the burden of proof when cast upon it. The specific things would be necessary if, under all the circumstances, proper diligence required them to be done. Whether so required would be for decision by the jury.

4. There was evidence from which the jury might have found that the peaches were not transported within a reasonable time, and arrived at the point of destination in a damaged condition, one car arriving on Saturday too late for the market of that day, and there was no other market until Monday, on which day the peaches in that car were sold. It was inaccurate to instruct the jury: "Now, gentlemen, something has been said about markets and Sundays. I charge you that it is immaterial when the markets opened and closed, or whether the day of arrival or the day thereafter was Sunday or a legal holiday. The railroad company is not bound to carry the peaches for any particular market or upon any particular day of the week; but if the peaches could not be sold by Weiner Brothers upon arrival, because the market had closed, or because the next day was Sunday, then the railroad company would not be liable for that reason, provided the peaches arrived in a reasonable time under proper refrigeration on the way. But, gentlemen, if you find that they did not arrive in a reasonable time, or were not properly refrigerated, and on that account were damaged, and arrived on Saturday, then the railroad company would be liable for the condition they were in on the following Monday, or as soon thereafter as they could be sold." The general rule is: "Where a carrier fails to deliver goods in a reasonable time, the measure of damages is the difference between the market value at the time and place they should have been delivered and the time of actual delivery." Civil Code, § 2773. The qualification of the judge's charge contained in the last part of it, to the effect that the defendant would be liable for the condition that the peaches were in as soon after Monday "as they could be sold," was too broad.

5. There were sufficient allegations in the petition that one of the causes of damage to the peaches was failure of the defendant to properly ice the cars. Certain grounds of the motion for new trial, predicated on the absence of allegations of this character in the petition, were, therefore, without merit.     *Judgment reversed.     All the Justices concur.*
                         FEBRUARY 27, 1913.

Action for damages. Before Judge Fite. Whitfield superior court. January 1, 1912.

*Tye, Peeples & Jordan* and *Maddox, McCamy & Shumate,* for plaintiff in error. *C. D. & F. K. McCutchen,* contra.