## 11592.   AMERICAN RAILWAY EXPRESS CO. *v.* BOTHWELL GROCERY CO.

What was a reasonable time for delivery by the carrier, and whether the facts alleged in the petition constituted a waiver of a condition of the carrier's receipt that, in case of failure to deliver, claims against the carrier must be made "within four months after a reasonable time for delivery has elapsed," were questions of fact, for determination by a jury.

The petition was not demurrable on the ground that the condition in the receipt, limiting the time for making claims against the carrier, was not waivable as to an interstate shipment.

DECIDED NOVEMBER 2, 1920.

Action for damages; from city court of Richmond county — Judge Black. May 11, 1920.

*W. K. Miller,* for plaintiff in error. *William H. Fleming,* contra.

SMITH, J. J. T. Bothwell Grocery Company brought suit against the American Railway Express Company, alleging substantially the following: On September 30, 1918, the Linen Hosiery Company, of Clifton Heights, Pa., delivered to the defendant express company a package of 60 dozen hose, consigned to the plaintiff at Augusta, Georgia, taking from the express company the uniform receipt then in use. About 90 days after the shipment the consignee received from the hosiery company the first notice of the delivery of the goods to the express company. In December, 1918, a representative of the plaintiff went to the express office at Augusta, Georgia, and inquired of the agent in charge about the shipment. The agent told him he would look up the records and let him hear further from the company. About January 1, 1919, another representative of the plaintiff called on the express company and had a conference with the man or agent in charge, and was referred to a lady clerk, who said she could not find a record of the shipment, but would investigate further and let him hear from the company. No further information was given by the express company to the plaintiff until some time in May, 1919. The goods were not delivered to the consignee or found, and on June 10, the plaintiff filed his claim in writing for the goods. The express company's receipt contained the following condition: "Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damage in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed." The plaintiff alleged that the requirements of the contract as to the filing of the claim for the loss of the goods had been waived by the conduct of the defendant. The plaintiff prayed for judgment for $720, the alleged value of the

goods. The defendant filed a demurrer to the petition, contending, (1) that no cause of action was set out; (2) that it appears that the notice of claim for non-delivery was not made within four months after the receipt of the property by the express company, or within four months after reasonable time for delivery had elapsed, it appearing that the goods were received on September 30, 1918, and no written claim was filed until June 10, 1919; and (3) that the allegations of the petition that the requirements of the contract as to the filing of the claim for loss of goods had been waived are not good in law, for such requirements are non-waivable in cases of interstate transportation.

The question as to whether the defendant express company had by its conduct waived the condition in the receipt, requiring the filing of the claim for loss of goods within four months after reasonable time for delivery had elapsed, was a question for determination by the jury; and it was also a question of fact, for determination by the jury, as to what was a reasonable time in which to file this claim. The court below did not err in overruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*