C. A. MOORE ET AL. v. AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 27 April, 1921.)

**1. Carriers of Freight — Railroads — Commerce—Contracts—Receipts—Stipulations—Written Demand—Federal Statute.**

The usual stipulations in the bill of lading or contract of carriage, requiring written notice to the common carrier for damages as a condition precedent, and upheld as conditions on the right of recovery, and not exemptions from liability for its negligent acts or torts, are changed as they affect interstate commerce by the Cummins' Amendment to the Interstate Commerce Act.

**2. Same—Cummins' Amendment—Reasonable Time.**

Under the Cummins' Amendment to the Interstate Commerce Act, a written demand upon the common carrier for damage caused by its failure to deliver an interstate shipment, is to be made within a reasonable time from the date of shipment, which depends upon the facts and circumstances of each particular case.

**3. Same—War—Evidence.**

In order to show that a written demand for damages had been made within a reasonable time on a common carrier failing to make delivery of an interstate shipment, it is competent for the plaintiff in the action to show that all shipments were then delayed owing to a state of war and the Government's control and pressing need of the carrier's service, and also an epidemic which then affected transportation.

APPEAL by plaintiff from *Ray, J.,* at the November Term, 1920, of DAVIDSON.

This is an action commenced before a justice of the peace to recover the value of certain shoes shipped by express from Brockton, Mass., to Thomasville, N. C., to the plaintiffs.

The shoes were never delivered, and in the express receipt executed by the defendant there was the following stipulation:

"7. Except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as a condition precedent to recovery, claims must be made in writing to the originating or delivering carrier within four months after delivery of the property or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed; and suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The plaintiffs filed their claim against the defendant five months and four days after the shipment was delivered at Brockton, Mass., to the defendant.

The plaintiffs offered certain evidence on the question of what was a reasonable time for delivery which will be set out in the opinion.

His Honor reserved the question as to the effect of the stipulation in the receipt and submitted an issue to the jury, and the jury returned the following verdict:

"In what amount, if anything, is the defendant indebted to the plaintiff? Answer: $103.75."

His Honor then held that the plaintiffs were not entitled to recover upon the ground that thirty-four days having elapsed after four months from the time of delivery to the defendant at Brockton that this was not within a reasonable time for delivery as provided in the receipt, and the plaintiffs excepted.

Judgment was entered in favor of the defendant, and the plaintiffs appealed.

*H. R. Kyser for plaintiffs.*
*Robt. C. Alston and Walser & Walser for defendant.*

ALLEN, J. It is usual to insert in contracts of shipment stipulations that written notice of a claim for damages shall be given within a designated time, and these stipulations, if reasonable, are generally sustained in the State and Federal courts, and upon the ground that they are conditions on the right of recovery and not exemptions from liability. *Culbreth v. R. R.,* 169 N. C., 725; *R. R. v. Blish Milling Co.,* 241 U. S., 190; 10 C. J., 326 *et seq.*

"The purpose of requiring such notice to be given is to enable the carrier, while the occurrence is recent, to inform itself of the actual facts occasioning the loss or injury, that it may protect itself against claims which might be made on it after such lapse of time as to make it difficult, if not impossible, to ascertain the truth." 10 C. J., 328.

There have been, however, important changes in the form of these provisions as related to interstate shipments, such as the one before us, brought about by the provisos to the Cummins' Amendment to the Interstate Commerce Act, which are as follows:

*"Provided further,* that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: *Provided, however,* that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

The Cummins' Amendment, approved 4 March, 1915, is reproduced in *Mann v. Transportation Co.,* 176 N. C., 107.

It is evident that the express receipt relied on by the defendant was intended to conform to the last proviso, and that it contains its substance, which was intended to relieve from the necessity of filing any claim if the loss or damage is caused by carelessness or negligence due to delay, or while loading or unloading or in transit. *Hailey v. Oregon Short Line,* 253 F., 569.

But the contract of the defendant goes beyond the Cummins' Act by providing that claims must be made in writing "in case of failure to make delivery within four months after a reasonable time for delivery has elapsed," a clause inserted because it is "very generally held that stipulations of the character under consideration have no application where the goods are never delivered." 10 C. J., 335.

The case of the plaintiffs must then depend on whether they presented their claim "within four months after a reasonable time for delivery had elapsed," as they have brought their action in contract, without allegation or proof of negligence, and are not in position to demand the benefit of the exceptions in the contract, because to do so would show an action in tort, which would oust the jurisdiction of the justice, the amount involved being more than $50.

What is a reasonable time for delivery depends on the distance to be traveled, the situation of the parties, the character of the goods, and all the surrounding circumstances, and it is "Generally a mixed question of law and fact, not only where the evidence is conflicting, but even in some cases where the facts are not disputed; and the matter should be decided by the jury upon proper instructions on the particular circumstances of each case. . . . The time, however, may be so short or so long that the court will declare it to be reasonable or unreasonable as a matter of law. Whether the question of reasonable time is one of fact or law must, 'from the very nature of things,' depend upon the circumstances of each particular case, as business affairs are so kaleidoscopic in their nature that it is seldom, if ever, that any two transactions are exactly alike." *Claus v. Lee,* 140 N. C., 554.

One of the principal inducements to ship by express is quickness of transportation, and under ordinary conditions we would hold as matter of law that a delay of thirty-four days in the delivery of a shipment from Brockton, Mass., to Thomasville, N. C., would be unreasonable, but this shipment was made in time of war, when the Government had charge of and was operating railroads and express companies, and when every power and resource of the country was devoted to one end, the successful prosecution of the war, with consequent preferences given to one class of business and frequent embargoes on others; and the

plaintiffs offered to prove "that at this time all shipments were delayed by reason of war conditions; that it was common for shipments to be delayed at this time by reason of the conditions arising by reason of war existing between the United States and Germany, and that thirty-four days was not an unreasonable time to wait for the delivery of this shipment in view of these facts, circumstances, and conditions." Also, "that there was an epidemic of influenza in the United States at the time of this shipment; the defendant company had many employees out by reason thereof, and shipments were being delayed by reason thereof."

This evidence was excluded by the court, when it ought to have been received, as having an important bearing on the question whether notice of claim was filed by the plaintiffs within four months after a reasonable time for delivery had elapsed.

The objection that ·the plaintiffs did not offer to show that other shipments were made under similar conditions is met by the statement that the plaintiffs proposed to prove by the witness then being examined that this condition applied to *all shipments,* and that thirty-four days was not an unreasonable time to wait for the delivery of this shipment.

If the witness knows the facts and will so testify, the evidence ought to be submitted to the jury under proper instructions.

New trial.