### 12500.   POPE *v.* AMERICAN RAILWAY EXPRESS COMPANY.

STEPHENS, J.   1. Where a contract of shipment made by a shipper with a common carrier provides that " except where the loss, damage, or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions

precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after delivery of the property or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed," and where the shipper attempts, within the required time, to file a claim with one of the carriers for loss or damage of the property shipped, and is prevented from filing the claim by the act of the carrier in telling him that the consignee, and not the shipper, is the proper person to file the claim, the shipper has not, by reason of his failure, on account of the act of the carrier, to file his claim in writing within the required time, violated the provisions of the contract, and, while the carrier can not waive the provisions in the contract, it is nevertheless, without having waived its right to exact a compliance by the shipper with the provisions of the contract, estopped by its conduct from defending a suit by the shipper, upon the ground that no claim in writing had been filed within the time required by the contract.

2. In a suit by the shipper against the carrier the municipal court erred in directing a verdict for the defendant, and the judge of the superior court erred in not sustaining the certiorari.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 10, 1922.

Certiorari; from Muscogee superior court — Judge Munro. May 7, 1921.

*Paul Blanchard,* for plaintiff.

*F. U. Garrard, A. S. Bradley,* for defendant.