12879.  AMERICAN RAILWAY EXPRESS COMPANY *v.* ROBERTS.

JENKINS, P. J. 1. Where in an interstate shipment by express the receipt contains a stipulation that claims "must be made in writing to the originating or delivering carriers within four months after delivery of the property, or in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed," and where, in an action for damages for failure to make delivery of goods, the carrier sets up as a defense that the written notice as actually filed was not given within the time prescribed, it is for the jury to say what was a reasonable time for the transportation, in determining whether the notice given was within four months after a reasonable time for delivery had elapsed, except where the undisputed facts show so clear and manifest a delay that the court may as a matter of law hold it unreasonable. *Western & Atlantic R. Co.* v. *Summerour,* 139 *Ga.* 545 (2) (77 S. E. 802); *American Ry. Express Co.* v. *Bothwell Grocery Co.,* 25 *Ga. App.* 728 (104 S. E. 644); *American Realty Co.* v. *Bramlett,* 25 *Ga. App.* 159 (2) (102 S. E. 873); 10 Corpus Juris, 305. In the determination of such a question the facts of each particular case are to be considered, including the distance to be traveled, the transportation facilities, the time ordinarily required for a like carriage, the character of the freight, the season and weather conditions, and any unusual circumstances affecting the traffic. *Columbus Ry. Co.* v. *Flournoy,* 75 *Ga.* 745 (2), 746; *Moore* v. American Ry. Express Co., 181 N. E. 300 (107 S. E. 6); 10

Corpus Juris, 286. Under the evidence the court did not err in submitting to the jury the question as to reasonable time.

2. Under the rule stated, the objection to the consignee's testimony to the effect that during the time in question traffic conditions were congested between the points of shipment and destination, and that he had much delay and trouble in receiving his goods, upon the ground urged, that it illustrated no issue in the case, because under the receipt a delivery was required regardless of congested conditions, was without merit. Nor did the court err in instructing the jury that they should determine " what was a reasonable time under the conditions existing at the time of this shipment of goods," there being some evidence as to such conditions; and it was a question for the jury whether or not, under such circumstances, the written notice as in fact given was within four months after a reasonable time for delivery had elapsed.

3. The act of Congress of June 29, 1906, commonly called the " Carmack amendment," and the act amendatory thereof of March 4, 1915, known as the " Cummins act," both amending the original interstate-commerce act, and the interpretation of these acts by the United States Supreme Court, supersede State statutes and rules of decision relating to the interstate shipments covered by those acts, in so far as they are conflicting. *Central of Ga. Ry. Co.* v. *Yesbik*, 146 *Ga.* 769 (92 S. E. 527); *Southern Ry. Co.* v. *Morris*, 147 *Ga.* 729 (95 S. E. 284).

(a) Under decisions of the United States Supreme Court, the parties to an interstate receipt or bill of lading " *cannot waive its terms, nor can the carrier by its conduct give the shipper a right to ignore them.*" Ga., Fla. & Ala. Ry. Co. v. Blish Co., 241 U. S. 190, 191, 197 (36 Sup. Ct. 541, 544, 60 L. ed. 948); Tex. & Pacific Ry. Co. v. Leatherwood, 250 U. S. 478, 481 (39 Sup. Ct. 517, 63 L. ed. 1096). The Georgia decisions recognizing waivers of such terms in intrastate shipments are inapplicable to interstate shipments where valid express conditions are contaned in the receipt or bill of lading. *Heath* v. *Sandersville R. Co.*, 23 *Ga. App.* 255 (3) (98 S. E. 92). In view of the Federal authorities cited above, the motion of the plaintiff in error to review and overrule that portion of the decision by this court in *American Railway Express Co.* v. *Bothwell*, 25 *Ga. App.* 728, 729 (98 S. E. 92), recognizing such a waiver in an interstate shipment, is granted; and to this extent only that decision is modified. The instant case is distingushable in its facts from those in *Pope* v. *American Railway Express Co.*, 28 *Ga. App.* 190 (110 S. E. 514). There it appears that the shipper, acting within the undisputed time limit, made a bona fide attempt to give the prescribed written notice, but was prevented from so doing by the acts and conduct of the carrier in refusing to permit him to do so. That case was decided on the theory, not that the carrier had waived the giving of the notice, but that it had refused to permit and had prevented the filing of a written claim by the shipper when he had actually sought to file a claim within the undisputed time limit prescribed by the bill of lading. In that case the carrier by its own conduct, having prevented the shipper from complying with the terms of the contract when he sought so to do, was estopped from setting up as a defense the failure of the shipper to do that which he had attempted but which it had refused to permit. In

the instant case, as set forth in the second division of the syllabus, while it was a question of fact whether the written notice as actually given was filed within the four months after a reasonable time for delivery had elapsed, there is no sort of evidence tending to show that the shipper had attempted to file any previous written notice within the undisputed time limit, or that he was prevented from so doing by the acts and conduct of the carrier in refusing to permit its being done. The most that the oral promise of the agent in promising to trace the freight, and in acknowledging the filing of the written notice at the time it was actually received, could under any contention amount to would be an implied waiver of a previous filing of the written claim; but, in view of the indicated modification of the rule previously announced by this court in the *Bothwell* case, it must be held to have been error for the trial judge to submit to the jury the issue as to whether or not the parties had impliedly waived the stipulation requiring the filing of the written claim within four months after a reasonable time for delivery had elapsed; and, for this reason only, the order refusing a new trial must be reversed. See generally, 1 A. L. R. 900; Ann. Cas. 1914 A, 235, case notes.     *Judgment reversed. Stephens and Hill, JJ., concur.*
DECIDED APRIL 14, 1922.

Action for damages — appeal; from Seminole superior court — Judge Worrill.   September 3, 1921.

*Alston, Alston, Foster & Moise, W. V. Custer, H. E. Riddell,* for plaintiff in error.   *W. L. Bryan,* contra.