## 12937.   AMERICAN RAILWAY EXPRESS COMPANY *v.* BOTHWELL.

JENKINS, P. J. 1. By the previous ruling upon the defendant's demurrer to the petition, the law of this particular case was fixed and determined, and it cannot now be modified. *American Ry. Express Co.* v. *Bothwell Grocery Co.*, 25 *Ga. App.* 728 (104 S. E. 644). But see *American Ry. Express Co.* v. *Roberts*, 28 *Ga. App.* 510 (111 S. E. 744). The exceptions to certain extracts from the charge of the court and to the failure to charge the jury as requested, both with reference to the stipulation in the interstate express receipt, requiring the filing of written claim within four months after a reasonable time for delivery of the goods had elapsed, and to the waiver by the parties of such stipulation, must be held without merit, as the trial judge substantially followed the previous ruling in this case.

2. There being undisputed evidence that the goods in question had been actually delivered to the defendant for transportation to the plaintiff

as alleged, that the copy of the express receipt offered by the plaintiff was substantially correct in all material particulars, and that whether the original was issued to the manufacturing company which sold the goods, or to the manager thereof, the manager, in the consignment to the plaintiff, was acting only as agent for his company, there was no prejudicial error in the admission of the copy, especially since no objection appears upon the ground of its being secondary evidence or that a loss of the original and search therefor had not been shown, and since the defendant's main defense is planted upon a particular clause of such alleged copy.

3. The verdict was not without evidence to support it as failing to show that the plaintiff was the lawful holder of the express receipt under which the goods were shipped; since it was undisputed that no parties were concerned in the transaction of purchase and sale or in the shipment except the plaintiff consignee, who was the purchaser, and the consignor who sold the goods, and since the consignor, by its delivery of the goods to the carrier, in effect transferred title to the plaintiff consignee, and since it appears from the record that the shipper, by having in another action sued the plaintiff for the price of the goods, had abandoned any claim or right of title which it might have had thereto. 4 R. C. L. 940, 941.

4. Substantially all the legal questions urged in the motion for new trial having been previously raised in the demurrer to the petition and adjudicated by this court, and the allegations of the petition being supported by evidence, the motion for new trial was properly overruled on all of its grounds.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MAY 23, 1922.

Action for damages; from city court of Richmond county — Judge Black. September 24, 1921.

*William K. Miller,* for plaintiff in error.

*William H. Fleming,* contra.