GALLAGHER, C. J.
This suit was instituted in the county court by N. S. Smith against John Barton Payne, Agent of the United States Railroad Administration, on a cause of action alleged to exist against the Director General operating the lines of the Missouri, Kansas & Texas Railway Company of Texas. By amended petition, upon which trial was had, it was alleged that the claim sued on belonged to said N. S. Smith and Wade Smith, partners, doing business at Wichita Palls, Tex., under the name of the Smith Company, and that the interest of N. S. Smith in said claim had been acquired by S. J. T. Smith. Both said Wade Smith and S-. J. T. Smith were made parties plaintiff and substituted for the original plaintiff, N. S. Smith. Subsequently James C. Davis, who succeeded said John Barton Payne as federal Agent, was substituted as defendant in the suit. The parties will be designated as in the trial court.
Plaintiffs sued to recover the sum of $271.56, the value of a case of shirts shipped by Wilson Bros, from South Bend, Ind., to said Smith Company at Wichita Palls, Tex., and which shipment plaintiffs alleged they never received. The defendant pleaded general denial, and further pleaded that the bill of lading under which said shirts were shipped stipulated that, as a condition precedent to recovery of damáges for failure to deliver such goods, claim for such damages must be made to the original or delivering carrier within 6 months after a reasonable time for delivery had elapsed, and that mo such claim was filed until long after the expiration of a reasonable time for delivery.
The case was tried before the. court, judgment rendered in favor of plaintiffs for the amount sued for, and defendant has appealed.
The only issue presented is whether plaintiffs complied with said stipulation in the bill of lading so made a condition precedent to recovery for failure to deliver said shipment of shirts. Said shipment was delivered to the original carrier on September 10, 1919. It was never delivered to, the consignees. The testimony showed that during said year there was great freight congestion and great uncertainty with reference to the delivery of shipments; that some shipments from South Bend to Wichita Palls had arrived in 15 to 20 days, and some had been 30 days or longer in arriving. The testimony also showed that the time required for a shipment to come from South Bend to Wichita Palls depended largely on whether shipped in a through car to Texas or a mixed car. There was also testimony that a shipment in some instances would come through in 8 days, and that it might take another shipment 6 weeks if it should get lost. The bill of lading introduced in evidence showed that this was an isolated shipment, consisting of a single case of goods. The consignees in person made frequent application to the agent of the defendant at Wichita Palls for delivery of said shipment from some time in September, 1919, until they sold out their business about November 30th of that year. It was shown that when said firm sold out they left Wichita Palls, but that they left the papers'pertaining to said shipment with one Hudson Nicholson, who was authorized to represent them in the matter. One member of said firm testified that he wrote letters addressed to the Agent of defendant at Wichita Palls about the middle of November, 1919. He testified about the contents of one of said letters as follows:
“That letter contained the fact that we had not received the merchandise, and that I wanted them to trace it, and I wanted the merchandise or I expected them to pay for it.”
*245 On March 15, 1920, Mr. Early, agent for defendant at Wichita Falls, wrote said consignees as follows:
“Under date of September 12, 1919, there was shipped out of South Bend, Ind., shipment of merchandise, shipped by Wilson Bros., consigned to yourselves here, which was received according to our records some time in October. Will you please be good enough to advise reference to expense bill covering, or furnish any information possible in order that we can secure relief of charges. You possibly received shipment from some other source. I am attaching hereto copy of freight bill.
“Kindly advise promptly, and oblige.”
N. S. Smith, one of the members of said firm, on March 19, 1920, replied to said letter as follow's:
“Regarding shipment of September 12, 1919, from Wilson Bros., South Bend, Ind., will say same was never received by us. We sold our business on December 1, 1919, to Ed Quicksilver, who agreed to accept all goods in transit, but says this shipment was never received by him, and the shipper holds us responsible for it. If possible that this shipment can be located we will be glad to have it rebilled to us at Dublin, Tex.
“We hope this information may result in either locating this shipment or some kind of a settlement in the way of a claim. We have Hudson Nicholson, of Wichita Falls, handling an investigation of this matter and he has duplicate B/L and invoice covering same.”
On April 26, 1920, plaintiffs, on a blank form sent themi by the defendant a day or two before, made a full and specific claim for damages for the loss of said shipment in the amount of the invoice price thereof, and said claim was actually received by defendant on April 30, 1920.
 While the shipment of shirts in question was never in fact delivered to the consignees, it is not questioned that the Missouri, Kansas & Texas Railway Company of Texas, then being, operated by the Director General, was the delivering carrier within the meaning of the stipulation in the bill of lading. While such stipulation required the presentation of claim in writing, it did not prescribe the form or contents of such claim. In the absence of specific requirement as to the character of the claim to be filed, such claim need not be in any particular form, and, if it amounts to a demand for compensation for the loss sustained by the failure to deliver or gives notice of an intention to claim compensation for such loss, it' should be held sufficient. The Supreme Court of the United States, in St. Louis, I. M. & S. R. Co. v. Starbird, 243 U. S. 592, 37 S. Ct. 462, 468, 61 L. Ed. 917, held that notice of an intention to claim damages need not state the amount of damages claimed, and that such a notice would give the delivering carrier opportunity to make the examination which was the principal purpose of the stipulation to afford. The same court, in Georgia; F. & A. R. Co. v. Blish Milling Co., 241 U. S. 190, 198, 36 S. Ct. 541, 544, 545 (60 L. Ed. 948) held that a telegram, reading, “We will make claim against railroad for entire contents of car at invoice price,” was a sufficient, claim in writing to support an action for the value of the merchandise contained in the car. The court in the course of its opinion in that case said:
“Granting that the stipulation is applicable and valid, it does not require documents in a particular form. It is addressed to a practical exigency, and it is to be construed in a practical way. The stipulation required- that the claim should be made in writing, but a tele'gram which in itself or taken with other telegrams contained an adequate statement must be deemed to satisfy this requirement.”
See, also, 10 C. J. p. 336, § 489 ; 4 R. C. L. p. 796, § 254; Bronstein v. Payne, 138 Md. 116, 113 A. 648, 650; Browning et al. v. Davis, 120 Misc. Rep. 520, 199 N. Y. S. 775, 776; Hyatt Roller Bearing Co. v. Pennsylvania R. Co., 92 N. J. Law, 94, 104 A. 82, 83.
It has been held in this state that the fact that a claim for damages to a shipment of live stock, required by the contract of shipment to be filed with the carrier, was for less than the amount sued for did not prevent its being held a compliance with such requirement of the contract, nor restrict the ultimate recovery to the amount so claimed. Pecos & N. T. Ry. Co. v. Holmes (Tex. Civ. App.) 177 S. W. 505, 507. If plaintiffs’ letter of. November, 1919, was a sufficient claim, their action in subsequently filing a formal claim, giving all the information asked for by the blank furnished by defendant, did not destroy the legal effect of such prior claim. 10 C. J. p. 336, § 489; Jenkins v. Atlantic Coast Line R. Co., 83 S. C. 473, 65 S. E. 636.
What constitutes a reasonable time for the delivery of a shipment to be transported and delivered by a common carrier depends upon the facts and circumstances in each particular case. We quote on this subject from 10 Corpus Juris, p. 286, § 407, as follows:
“The law does not attempt to fix by rule what is a reasonable time. What is a reasonable time is not susceptible of being defined by any general rule, but the circumstances of each particular case must be adverted to- in order to determine what is a reasonable time in that case. The mode of conveyance, the distance, the season of the year, the character of the weather, the ordinary facilities for transportation, and an unusual rush of business, if there was such, are to be considered in determining whether in the particular case there has been an unreasonable delay.”
The rule announced' in the text just quoted is supported by American Railway Express Co. v. Roberts, 28 Ga. App. 510, 111 *246 S. E. 744, and also by numerous authorities cited in the footnote to said text. When the facts and circumstances attending a particular shipment are in evidence, it is ordinarily a question of fact to be determined 'from a consideration of the same what a reasonable time for the delivery of such shipment would be. American Railway Express Co. v. Roberts, supra; Moore Bros. v. American Railway Express Co., 181 N. C. 300, 107 S. E. 6. While the usual and customary time required for the transportation and delivery of similar shipments is prima facie reasonable, the fact that the time occupied in transporting and delivering a particular shipment is unusual is not necessarily conclusive that such time was unreasonable. 10 C. J. p. 287.
The trial court, having seen and observed the witnesses and heard their evidence, rendered judgment for the plaintiffs. No findings of fact were requested or filed. The finding of the court in favor of plaintiffs being general, every issuable fact must be considered found in their favor, if there is any evidence to support such finding. In passing upon the sufficiency of the evidence to sustain each such finding, we must view the same in the light most favorable thereto, rejecting all evidence favorable to the opposite contention, and considering' .only the facts and circumstances which tend to sustain such finding. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, and authorities there cited.
Mr. Early, agent for defendant at Wichita Falls at the time of this transaction, was not called nor examined as a witness. His successor in the agency for said railway at said point testified that he searched the files in said office and did not find any such letter as the witness N. S. Smith testified he wrote to defendant’s 'said agent about the middle of November, 1919. There was, however, no denial that the letter of March 19, 1920, was duly' received. The fact that said letters. demanded the delivery of the shipment in question, or in the alternative payment of its value, did not, in our opinion, defeat their efficacy as a claim in writing within the meaning of the stipulation in the bill of lading, as such stipulation is construed by the authorities above cited. If the court found as a fact that said letters were received by the defendant, such finding is not without support in the evidence. Both of said letters were clearly within 6 months after a reasonable time for delivery had elapsed.
According to the letter from defendant’s agent introduced in evidence, this particular shipment did arrive at Wichita Falls some time in October, 1919. October 31st of that year would have been 7 weeks from the time of shipment. If 7 weeks were a reasonable time to transport and deliver the shipment in question, plaintiffs’ final claim received by defendant April 30, 1920, was in time. The testimony showed there was great congestion in transportation of freight at that time. Some shipments to plaintiffs from the same point of origin were more than 4 weeks in transit. How much more the evidence does not disclose. Defendant’s witness testified that in some instances it might have taken 6 weeks to transport and deliver such a shipment. I't is true 7 weeks for such transportation and delivery would have been, under the evidence, an unusual time, but it would not on that account alone have been an unreasonable time as a matter of law. 10 O. J. 287. We are required in support of the judgment to assume that the court found that even the final claim, filed April 30, 1920, was filed within 6 months after a reasonable time for delivery had elapsed, if there is any evidence to support said finding. Hines v-Kansas City Life Ins. Co., supra. We do not think such a finding is without some evidence to support it.
We therefore affirm the judgment appealed from.