## CHARLESTON.

WHOLESALE COAL COMPANY *v.* THE CHESAPEAKE & OHIO RAILWAY COMPANY

(No. 6145)

Submitted September 11, 1928.   Decided September 18, 1928.

54

*Fitzpatrick, Brown & Davis* and *C. W. Strickling,* for plaintiff in error.

*Dillon, Mahan & Holt,* for defendant in error.

HATCHER, JUDGE:

This case is the sequel of the case of *Wholesale Coal Company* v. *Price Hill Colliery Company* reported in 98 W. Va. 438, to which reference may be had for a detailed statement of the facts. Suffice it to say here that the plaintiff as consignee of an interstate shipment of coal seeks now to recover of the carrier (instead of the shipper as in its case against the Colliery Company) its loss occasioned by a diversion of the coal and delivery to another by the carrier. (The coal was not converted to the carrier's own use, as stated in the former case.) No notice of claim of loss was filed with the carrier, and this suit was not instituted until three years after the shipment. The failure to file claim and the delay in bringing suit are not explained. The plaintiff obtained a judgment in the circuit court.

The Hepburn Act passed by Congres in 1906 has been repeatedly declared by the Supreme Court of the United States

to embrace the liability of the carrier in interstate transportation. It is equally well settled by federal decisions that a proper bill of lading issued in compliance with the requirement of that Act contained "the entire contract upon which the responsibilities of the parties rested". *St. Louis Ry. Co.* v. *Starbird,* 243 U. S. 592, 595-6-7. The rigor of the stipulations in such bill is well illustrated by the declaration that it has "in effect the force of a statute of which all affected must take notice." *Texas & Pac. Ry. Co.* v. *Leatherwood,* 250 U. S. 478, 481. It does not appear that a bill of lading was actually issued in this case, but the plaintiff concedes that the terms of the uniform bill of lading prescribed by the Interstate Commerce Commission would apply. See *Ry. Co.* v. *Cross,* 96 W. Va. 666. It is agreed by the parties that the defendant had adopted and was using at the date of this shipment such a uniform bill of lading, which contained the following stipulations:

> "(b) Claims for loss, damage, or injury to property must be made in writing to the originating or delivering carrier or carriers issuing this bill of lading within six months after delivery of the property (or, in case of export traffic, within nine months after delivery at port of export), or, in case of failure to make delivery, then within six months (or nine months in case of export traffic) after a reasonable time for delivery has elapsed; provided that if such loss, damage, or injury was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery. Suits for loss, damage, injury, or delay shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed: Provided, That in case the claim on which suit is based was made in writing within six months, or nine months in case of export traffic (whether or not filing of such claim is required as a condition precedent to recovery), suit shall be instituted not later than two years and one day after notice in writing is given by the carrier to the claimant that the carrier has disallowed the

claim or any part or parts thereof specified in the notice.''

It is well settled that such stipulations in bills of lading are ''valid if the terms are reasonable''. *St. Louis etc. Ry. Co.* v. *Starbird, supra* (see p. 604). The reasonableness of the terms is not questioned by the plaintiff, but it contends that the stipulations cease to apply where the carrier ''having accepted the shipment, wholly abandons its agreement and obligation to transport the product, and converts the property to its own use,'' citing cases from the Supreme Courts of Georgia and South Carolina. That contention, however, is opposed by *Mosser Co.* v. *Payne*, 92 W. Va. 41, and *Hubbard Gro. Co.* v. *Payne*, 94 W. Va. 273, both of which hold that the carrier *can not by its conduct* give the shipper the right to ignore the terms of an interstate bill of lading. It is also opposed by the federal decisions, to which we should look for guidance in the determination of this—a necessarily federal question. *Missouri etc. Ry.* v. *Harriman*, 227 U. S. 657, 672.

The leading case on the subject is *Georgia etc. Ry Co.* v. *Blish*, 241 U. S. 190, in which Mr. Justice Hughes speaking for the Court said: ''It is urged, however, that the carrier, in making the misdelivery, converted the flour and thus abandoned the contract. But the parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct, and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed.'' That decision has been followed in *Am. Ry. Ex. Co.* v. *Levee*, 263 U. S. 19, and *Missouri etc. Ry.* v. *Boone*, 270 U. S. 466. The Supreme Court of Georgia, recognizing that the decisions of the United States Supreme Court supersede state decisions, refers to the *Blish* case and inferentially departs from the earlier cases cited by plaintiff, by holding in *Am. Ex. Co.* v. *Roberts*, 28 Ga. App. 510, 111 S. E. 744, that the conduct of the carrier can not give the shipper the right to ignore the

terms of an interstate bill of lading. The requirement that notice of claim be given is upheld in *Hubbard Gro. Co.* v. *Payne, supra.* The right of recovery was denied in *Mosser Co.* v. *Payne, supra,* because of failure to bring suit within the time prescribed in the bill of lading. These decisions are based on the seemingly absolute rule of the federal court excusing the carrier from liability upon non-compliance with such stipulations. See *St. Louis Ry. Co.* v. *Starbird, supra; Texas & Pac. Ry. Co.* v. *Leatherwood, supra; Barrett* v. *Van Pelt,* 268 U. S. 85; *Davis* v. *Roper Lbr. Co.,* 269 U. S. 158; *C. & O. Ry. Co.* v. *Thompson Mfg. Co.,* 270 U. S. 416.

The failure of plaintiff to make claim for loss or to commence litigation within the time required in the bill of lading, therefore bars recovery. The judgment of the lower court in its favor will be reversed and the action dismissed.

*Reversed and action dismissed.*