LEWIS *vs.* LOFLEY *et al.*, administrators.

If a planter, whether before or after his crop is planted, obtain from a banker advances of money with which to make it, contracting by parol to deliver at a certain warehouse a part of his cotton crop equal in value to the amount of the advances, but no price or definite quantity is specified, and if the planter die before any cotton is delivered, the sale is incomplete, and the planter's title to his whole crop remains undivested.

Injunction. Sales. Before Judge CRISP. Macon county. At Chambers. January 30, 1878.

John F. & E. B. Lewis filed their bill against S. T. & W. J. Lofley as administrators of James R. Burnam, deceased, making, in brief, this case:

In the year 1877, complainants advanced to James R. Burnam who, while in life, was a farmer, $1,446.90. Burnam died on the 20th August, 1877. At the time of his death his crop of that year had matured and was ready for harvest and

market. Shortly after his death defendants administered on his estate, and took possession of all of his property, except the year's support for his widow. They have sold all the personalty except forty-seven bales of cotton of the crop of that year. This cotton is now stored in the warehouse of Lewis & Minor, in the town of Montezuma. Lewis, of the firm of Lewis & Minor, is John F. Lewis, one of the complainants, and chief member of both firms. The advances aforesaid were not made to the intestate of defendants upon his personal credit, but was a contract *in rem* for a quantity of his crop of the year 1877, equal in value to the amount of said advances, which entered directly into the crop. The intestate used said advances, with the full knowledge of complainants, in the purchase of bacon and corn, paying of laborers, and purchasing plow animals, etc., all of which were necessary to the making of said crop. The intestate, at the time of receiving said advances, made an executory agreement with complainants, to deliver at the warehouse of Lewis & Minor aforesaid, a quantity of cotton of the crop of 1877, of equal value to said advances. Intestate died at a time when said crop was fully cultivated and matured. Defendants are preparing to sell the whole of said forty-seven bales of cotton, which can be sold by them at private sale without the knowledge of complainants. The estate of intestate is insolvent. Complainants insist that they are purchasers of a quantity of said forty-seven bales of cotton equal in value to said advances, and are owners in common with said administrators of the same.

Prayer that defendants be enjoined from selling an amount of said cotton equal in value to $1,446.90; that they may be restrained from making any such sale without giving to complainants reasonable notice thereof, in order that they may interpose a claim; that complainants may have discovery, etc.

The injunction was refused and complainants excepted.

LLOYD & HAYGOOD, by Z. D. HARRISON, for plaintiffs in error.

No appearance for defendants.

BLECKLEY, Judge.

The contract of sale was executory, (6 *Ga.*, 554), and the planter did not live to complete it. Delivery was to be made at a certain warehouse, but not a bale—not even a pound, was delivered. No specific quantity or price was agreed upon. The only stipulation as to these was, that the value of the cotton delivered was to be equal to the amount of advances which the banker might furnish with which to make the crop. Doubtless, the parties contemplated whatever market price similar cotton might bear at the place of delivery, at the time when delivery was to take place. But even the amount of the advances was not absolutely fixed by the contract. The amount seems to have been left open, and made subject to the mutual will of the parties—such will as they might happen to entertain, from time to time, in the course of their dealings. The contract did not extend necessarily to the planter's whole crop of cotton, nor was it restricted necessarily to less than the whole. It might be all, or only a small part; but which it was to be, the parties did not know, and never determined. If a part would suffice to execute the terms of the contract, who could say which particular part was purchased by the complainant, and which was not? How could the property of the complainant be distinguished from that which remained the goods of the intestate, and passed to his administrator? No separation ever took place, and thus the precise subject matter of the sale cannot be identified. See 49 *Ga.*, 143; 51 *Ib.*, 553.

Cited for plaintiff in error: 54 *Ga.*, 306; Broom's Com. on Com. Law, (top of page) 216; Adams' Equity, 109, *et seq.*, and authorities there cited; 54 *Ga.*, 308, 309; Code, §§2547, 2555; 6 *Ga.*, 302; Code, §§3081, 4178; 36 *Ga.*, 666.

Judgment affirmed.