11299.  AMERICAN REALTY COMPANY *v.* BRAMLETT.

SMITH, J. 1. The court did not err in ruling out the answer of the witness Martin to the question, " Would it have been economical to have laid sidewalks even if you could have gotten material," the witness answering that it was not, and explaining that " Camp Gordon soldiers were parading out there, and they wanted this property to parade on." Clearly this evidence was not relevant to the issues in the case.

2. Generally what is a " reasonable time " is a question to be passed upon by the jury, in the light of the facts of the particular case, under proper instructions from the court (*Baldwin Fertilizer Co.* v. *Cope,* 110 *Ga.* 325, 35 S. E. 316); but where the facts are undisputed and different inferences cannot be drawn from the same facts, the question or what is a reasonable time is one of law for determination by the court. 2. Elliott on Contracts, § 5050, p. 836. See also *Pattillo* v. *Alexander,* 96 *Ga.* 60, 63 (22 S. E. 646, 29 L. R. A. 616); *Fleming* v. *Foran,* 12 *Ga.* 594 (2).

(*a*) In the instant case it was undisputed that the agreement by the defendant company to lay the sidewalks was entered into approximately three years before the filing of the suit by the plaintiff for a breach of that agreement, and the court therefore did not err in holding, as a matter of law, that the time claimed by the defendant was unreasonable, and in directing a verdict for the plaintiff, the evidence not disclosing any reasonable excuse for the delay and failure to comply with the contract.

3. Not being convinced that this case was brought to this court for delay only, the request of the defendant in error that ten per cent. damages be assessed against the plaintiff in error is refused.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 8, 1920.

Action on contract; from Fulton superior court — Judge Bell. December 3, 1919.

Application for certiorari was denied by the Supreme Court.

On September 12, 1918, Mary Hobson Bramlett brought suit

against the American Realty Company, alleging, substantially, that on September 15, 1915, she agreed to purchase a described lot from the defendant for the sum of $600,—$420 cash, and the remainder payable 36 months from the date of the agreement; that she paid the $420, and gave notes for the remainder of the purchase-price, receiving a bond for title (a copy of which was attached to the petition) in which the defendant made the following warranties and guaranties:  (1) "that the street or streets on which said lot faces will be graded and have trees planted;" and (2) "that either cement or tile sidewalks will be laid in front of said lot, all without cost to purchaser."  She alleged that there was a breach of the contract in the part of the defendant; that approximately three years had elapsed since the making of the agreement; that the street on which the lot faces was not properly graded, and no cement or tile sidewalk was laid in front of the lot; and she prayed for a judgment for the $420 paid by her to the defendant, with interest thereon.  The defendant in its answer admitted substantially the alleged contract, but denied that it had breached the contract, and denied that the plaintiff was entitled to recover the amount sued for.  There was undisputed evidence that the contract was made and the money paid as alleged, that no sidewalk had been laid in front of the lot, that nearly three years had elapsed since the making of the agreement, and that before the filing of the suit the plaintiff demanded of the defendant that it carry out the agreement to lay the sidewalk.  There was evidence for the defendant as to the grading of the streets and planting of trees, and to the effect that the failure to lay the sidewalk in front of this property was due to war and labor conditions; that when the war came on the defendant did not have any demand for this class of property; that building material was so high and labor so scarce that it would not be economical and would be almost impossible to do the work; that it had laid sidewalks within a block of this lot, but quit and had not laid any since.  The court, at the conclusion of the evidence, directed a verdict for the plaintiff, for the amount sued for, and the defendant excepted.

*Evins & Moore,* for plaintiff in error.  *Anderson & Slate,* contra.