*Seabrook & Kennedy,* contra.

---

13961. BECK & GREGG HARDWARE COMPANY *v.* HALL HARDWARE COMPANY.

JENKINS, P. J. This was a suit for the purchase-price of 25 cultivators at $6 each. The defendant admitted giving an order for such articles on March 15, 1920, and their shipment and arrival at destination on March 3, 1921, but denied liability, on the ground of its refusal of the shipment because of unreasonable delay in delivery, and alleged that it had merely stored the articles for the use of the plaintiff, subject to its order. There was evidence of such rejection and storage. The written order signed by the defendant, while specifying the quantity of cultivators ordered, omitted any reference to the purchase-price or any provision from which it might be ascertained. The date provided for delivery was illegible, the defendant contending that it was "now," and the plaintiff that it was "Nov.," meaning November, 1920. There was evidence relating to seasonal fluctuations in the salability and value of the articles. The court directed a verdict for the plaintiff for $6, the price of one cultivator, which the evidence showed had been sold by mistake by a clerk of the defendant without its knowledge or authority, and thus in effect directed a verdict for the defendant as to the remaining articles. *Held:*

1. The court did not err in overruling the demurrer to the defendant's plea. The defendant could plead a rejection on account of the alleged delay in delivery of the shipment, and non-liability for that reason, and was not limited to a claim for damages on account of breach of warranty as to the time of delivery. In such a case, where by the terms of the contract or by legal implication delivery is to be made within a reasonable time, "if, after a reasonable time has expired, the seller tenders delivery, the buyer may reject." *Cincinnati Glass Co.* v. *Stephens*, 3 *Ga. App.* 766, 768 (60 S. E. 360); Civil Code (1910), § 4136.

2. While time is not generally of the essence of a contract, it may, by express stipulation or reasonable construction, become so. Civil Code (1910), § 4268 (8); *Henderson Elevator Co.* v. *North Ga. Milling Co.*, 126 *Ga.* 279 (1), 282 (55 S. E. 50). In the instant executory contract for the sale of articles of varying seasonal value, the time for delivery is to be taken as an essential element of the contract.

(*a*) If the illegible word of the order with reference to delivery be taken, as contended by the defendant, as "now," this would be construed to mean "without unreasonable delay" or "within a reasonable time." *Ga. Agricultural Works* v. *Price*, 11 *Ga. App.* 80 (3), 84 (74 S. E. 718). Although the question of what is a reasonable time is one ordinarily for the jury (*Baldwin Fertilizer Co.* v. *Cope*, 110 *Ga.* 325, 35 S. E. 316), yet "where the facts are undisputed and different inferences cannot be drawn from the same facts," the question becomes one of law for determination by the court. *American Realty Co.* v. *Bramlett*, 25 *Ga. App.* 159 (2) (102 S. E. 873); *Am. Ry. Express Co.* v. *Roberts*, 28 *Ga. App.* 510 (1) (111 S. E. 744). Since the seasonable character of the subject-matter in the instant case constituted an important element in determining the question of reasonable time, and since, under the undisputed evidence, delivery was not tendered until nearly a year after the giving of the order, if the contract be read as providing for delivery "now," the court was authorized as a matter of law to rule that such tender was not made within a reasonable time.

(*b*) Time being of the essence of the contract, if the order be read as providing for delivery in "Nov.," meaning November, 1920, (*Bearden Merc. Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (2), 700, 58 S. E. 200), the delivery not being tendered until the following March, the court was likewise authorized to rule that the defendant, under the tender offered, was entitled to reject the articles. Thus, while it would ordinarily have been a question for the jury to determine whether the provision for delivery was "now" or "November," since the legal effect, under the facts, would be the same in either event, the court was authorized to determine such effect in directing a verdict.

3. There being undisputed evidence, exclusive of that to which exception is taken, that the defendant buyer had rejected the articles and had so advised the plaintiff seller, evidence of their storage by the defendant for the convenience and benefit of the plaintiff can not be taken as constituting an acceptance thereof, so as to waive objections to the delay in delivery and render it liable therefor. 23 R. C. L.

1436. Since, under the undisputed evidence, the defendant was entitled to and did reject the articles on account of the plaintiff's failure to tender delivery, either within a reasonable time or at or near the definite time specified, under either construction of the order, the court properly directed the verdict in its favor.

(a) It is therefore unnecessary to decide whether the executory contract for the sale of the articles in question, which consisted of a commodity without a definitely ascertainable market value such as could have been within the minds of the contracting parties, and (unlike that in the case of *Stewart* v. *Cook*, 118 *Ga.* 541 (2) ) was invalid for incompleteness, for the reason that the cost price was not stated in the written and signed order, and no agreement was therein contained by which the price could be definitely ascertained (see Civil Code, §§ 4128, 4106; *Lewis* v. *Lofley*, 60 *Ga.* 559), or whether the contract was enforceable on the basis of the reasonable or market value of the articles at the time and place of delivery. Benjamin on Sales (7th ed.), 96; *Oliver Construction Co.* v. *Reeder*, 7 *Ga. App.* 276, 278; 23 R. C. L. 1278; 35 Cyc. 101, 102.

4. The special grounds of exception to the admission and exclusion of certain evidence would not warrant a reversal, since the admission of all such excluded evidence, and the exclusion of all such admitted evidence, would not alter the right of the defendant to the directed verdict. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 18, 1923.

Complaint; from Colquitt superior court — Judge W. E. Thomas. September 9, 1922.

*DeLoache & Roddenbery*, for plaintiff.

*Dowling & Whelchel*, for defendant.