20542. COLEMAN *v.* MURRAH.

DECIDED JANUARY 16, 1931.

*McCutchen & Bowden,* for plaintiff.

*Foley & Chappell,* for defendant.

JENKINS, P. J. This was a suit for the unpaid purchase-money of realty. The evidence shows that on September 16, 1926, plaintiff wrote to the defendant that one of the interest notes was past due, and that he must either pay it or execute and return to her a quitclaim deed which was enclosed in the letter. The deed was not returned and no response was made to the letter. Plaintiff subsequently employed counsel to collect the amount due, and on November 18, 1926, the attorneys wrote to the defendant, inform-

ing him that they had the notes for collection, and that their client said no response had been made to previous letters. In this letter the attorneys stated that they would appreciate it if the defendant would write frankly, explaining his position in relation to the payment of the notes, and that they would then take up with him the matter of settlement. No notice was taken of this letter by the defendant, and thereafter another interest note and one of the principal notes matured. On January 19, 1927, counsel again wrote to the defendant, stating that two of the interest notes and one principal note were past due, and saying: "We are taking this opportunity to notify you that unless you make some settlement of these notes by January 31st, 1927, we will immediately turn over all of the purchase-price notes and mortgage given by you to a lawyer in Columbus, to be collected by legal process." No notice was taken of the second letter, and on February 20 or 21, 1927, the notes were turned over to counsel in Columbus, Georgia, for suit. The evidence is in dispute as to whether the Columbus lawyers had demanded payment of the notes prior to the tender of the quitclaim deed by the defendant as in settlement of the claim in accordance with the offer made by the plaintiff herself on September 16, 1926. The defendant set up by his plea that he mailed the quitclaim deed to the plaintiff on February 23, 1927, and it appears without dispute that the deed was returned by plaintiff and offered back to the defendant. The court overruled a demurrer to the answer, and submitted to the jury, as a question of fact, whether the defendant had accepted the offer of the plaintiff within a reasonable time and prior to its revocation. The jury found in favor of the defendant, and the plaintiff excepted.

"Generally what is a 'reasonable time' is a question to be passed upon by the jury, in the light of the facts of the particular case, under proper instructions from the court (*Baldwin Fertilizer Co.* v. *Cope,* 110 *Ga.* 325, 35 S. E. 316); but where the facts are undisputed and different inferences can not be drawn from the same facts, the question of what is a reasonable time is one of law for determination by the court. 2 Elliott on Contracts, § 5050, p. 836. See also *Patillo* v. *Alexander,* 96 *Ga.* 60, 63 (22 S. E. 646, 29 L. R. A. 616); *Fleming* v. *Foran,* 12 *Ga.* 594 (2)." *American Realty Co.* v. *Bramlett,* 25 *Ga. App.* 159 (102 S. E. 873).

2. Where an offer of settlement is purely voluntary, it is sub-

ject to revocation at any time before acceptance in the way and in the manner stipulated by the offer.

3. In the instant case, not only does it appear that the offer of the plaintiff was intended for prompt acceptance, since the plaintiff went so far as to enclose an already prepared quitclaim deed for execution and return, such as might seem reasonably to preclude an insistence upon such offer by the defendant after the expiration of a period of more than five months, but it further appears that the status of the indebtedness had itself become materially altered long prior to the attempted acceptance of the offer by the defendant, since the defendant, while remaining in possession of the property, had allowed the interest on the purchase-money indebtedness to accumulate for a period of five months, and a portion of the principal to become past due, so as to vest in the plaintiff the right to proceed for the entire unpaid purchase-money, and that the plaintiff had incurred liability for attorney's fees, thus further increasing the indebtedness, and there is no reason to assume she would have been willing to reduce the value of the property returned to her by paying the indebtedness; but finally and more especially it appears that the defendant was no longer able to insist upon the voluntary offer of settlement made by the plaintiff the previous September, for the reason that the correspondence clearly indicates that the plaintiff in effect plainly revoked the offer by thereafter assuming an inconsistent attitude by demanding payment of the purchase-money. See 13 C. J. 295, 296, § 108. While the first letter of the attorneys might possibly indicate that the plaintiff would be willing to consider some sort of a settlement, —possibly, it might be surmised, the return of the property,— the second letter cuts loose from all offers of settlement and makes a straight-out demand for the payment of the purchase-money by a named date, whereas the quitclaim deed was tendered long subsequent to the date thus indicated. In view of all the facts and surrounding circumstances involved by the undisputed evidence in the case, the verdict in favor of the defendant was not authorized.

*Judgment reversed. Stephens and Bell, JJ., concur.*