26650.  FERGUSON, administrator, *v.* BANK OF DAWSON.

Decided March 10, 1938.  Rehearing denied March 28, 1938.

*W. L. Ferguson, R. R. Jones,* for plaintiff in error.
*M. C. Edwards, Tom Edwards,* contra.

Guerry, J.  This was a suit on a note executed by W. F. Ferguson to A. F. Hopkins, instituted by the Bank of Dawson as transferee, against W. F. Ferguson.  The defendant died, and his administrator was made a party in his stead.  From the evidence it appears that Ferguson purchased from Hopkins 100 shares of stock in the NuGrape Corporation of America, and executed to him the note sued on for the purchase-price of said stock.  Hopkins transferred the note to the plaintiff bank and the plaintiff bank took it under circumstances subjecting it to all defenses between the original parties.  See same case in 50 *Ga. App.* 604 (179 S. E. 236).  Six months after the execution of this note and contract of sale, the defendant received a letter written on the letter-head of Thornton M. Fincher and signed by W. A. Smith, stating: "I am attaching hereto to you 100 shares of the capital stock of the NuGrape Company of America in full settlement of your contract of purchase from J. P. Smith under date of May 13th, 1930."  The defendant immediately rejected the tender of this stock by W. A. Smith and returned the same to Smith in care of Fincher.  Fincher answered as follows: "Attached hereto you will find stock certificate of the NuGrape Company of America, aggregating 100 shares which you sent to me under registered cover.  I do not understand why you keep sending things to me in reference to the purchase of your stock.  I did not send you this stock.  I did not sell you any stock.  I have never seen your order, and do not know anything about this transaction."  There

was in the evidence no dispute that this was the only tender of NuGrape stock ever made to Ferguson.

■ Tender of performance of a contract must be by the party bound in the contract to perform or by some one acting in his behalf. Code, § 20-1101. The tender of 100 shares of NuGrape stock to Ferguson by W. A. Smith, a stranger to the contract of purchase, who expressly stated that he was making the tender on behalf of J. P. Smith, who was also a stranger to the contract of purchase, was not a valid tender of stock under the defendant's contract with Hopkins. The defendant was therefore at liberty to reject the same; and the evidence showing that he did so, and it being undisputed that this was the only tender of NuGrape stock made to Ferguson, a verdict in favor of the plaintiff was contrary to the evidence and contrary to law.

■ While under a contract of sale which provides no specific time for performance a reasonable time is to be allowed (*Breman* v. *Rodbell*, 31 *Ga. App.* 358, 120 S. E. 697; *Columbia Smelting & Refining Works* v. *Dexter*, 31 *Ga. App.* 627, 121 S. E. 844; *Rome Cooperage Co.* v. *Bettis Co.*, 157 *Ga.* 52, 120 S. E. 632; *Herring Motor Co.* v. *Belin*, 38 *Ga. App.* 756, 145 S. E. 474), and it is the general rule that what is a reasonable time under the circumstances attending the transaction is a matter for determination by a jury, yet where the contract is for the sale of certificates of stock in an incorporated business which have a fluctuating value from day to day by reason of which they are daily the subject of transfer and trade, and it is shown that a tender of such stock was not made until about six and a half months after the contract of sale was executed, we think that this may be held an unreasonable time as a matter of law. See *Beck & Gregg Hardware Co.* v. *Hall Hardware Co.*, 30 *Ga. App.* 224 (117 S. E. 271). Therefore, even assuming that the delivery of the stock, made as set out above, was a good delivery we think for the above reason the defendant was entitled to reject the stock, and, he having done so, that a verdict against him for the purchase-price is contrary to the evidence and the law. The court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*