### 72143. GOLDBERG v. MOUNA.
(346 SE2d 89)

POPE, Judge.

On August 17, 1984 Alberta Goldberg executed and delivered to Youssef Mouna a 30-day promissory note in the principal amount of

$10,000. The note provided for two 30-day extensions, but in no event was the term of the note to extend beyond November 14, 1984, "TIME BEING THE ESSENCE OF THIS CONTRACT." The note also provided: "If the Borrower is unable to pay the aforesaid unpaid principal sum pursuant to the terms of this Note, then she shall transfer to the Lender . . . her five hundred (500) shares of stock in CRADLE & ALL, LTD. in satisfaction for and full payment of this Note." On December 4, 1984 Mouna notified Goldberg in writing that she was in default and demanded payment. Mouna received no response to the demand for payment and filed suit on December 31, 1984. Following discovery in the case, on August 22, 1985 Mouna moved for summary judgment. On September 24, 1985 Goldberg executed the notice of transfer on her stock certificate evidencing the 500 shares in Cradle & All, Ltd. and delivered same to Mouna on September 25, 1985. Mouna rejected the tender of the stock on October 10, 1985 and returned same to Goldberg. On October 18, 1985 the trial court granted Mouna's motion for summary judgment, awarding the principal sum of $10,000 plus interest and attorney fees. Goldberg brings this appeal from the entry of judgment against her.

Goldberg's sole defense to Mouna's prima facie case for recovery of a money judgment was her assertion that her transfer of the stock satisfied her entire obligation under the terms of the note. In granting Mouna's summary judgment motion, the trial court found that it would be unfair to allow Goldberg "to erase the debt after default and the expense of attorney fees by making a belated tender of stock which has an uncertain value." We affirm for the following reasons.

In our view the language of the note clearly provided that either payment in cash of the principal and interest or transfer of Goldberg's 500 shares of Cradle & All, Ltd. was due no later than November 14, 1984, time being the essence of the agreement by express stipulation. See *Dulock v. Shiver*, 239 Ga. 604 (238 SE2d 397) (1977). See also *Smith v. Bryan*, 34 Ga. 53, 64 (1864). Even assuming the note could be construed as having fixed no time for the transfer of the stock in the event of default, performance must have been within a reasonable time. See *Evans v. Brown*, 196 Ga. 634, 638 (27 SE2d 300) (1943). "Generally what is a 'reasonable time' is a question to be passed upon by the jury, in the light of the facts of the particular case, under proper instructions from the court [cit.]; but where the facts are undisputed and different inferences cannot be drawn from the same facts, the question of what is a reasonable time is one of law for determination by the court. [Cits.]" *American Realty Co. v. Bramlett*, 25 Ga. App. 159 (2) (102 SE 873) (1920). Although Goldberg was unable to come up with the cash for timely payment of the note, she also made no attempt to satisfy her obligation by the transfer of the stock until more than ten months after default on the

note had occurred, and until suit was filed, discovery taken, and a motion for summary judgment was filed. Under these circumstances, we find as a matter of law that Mouna was entitled to reject Goldberg's belated transfer and insist upon payment in cash. See *Ferguson v. Bank of Dawson*, 57 Ga. App. 639 (2) (196 SE 195) (1938); *Beck & Gregg Hdwe. Co. v. Hall Hdwe. Co.*, 30 Ga. App. 224 (2b) (117 SE 271) (1923). Goldberg having presented no viable defense in the face of Mouna's prima facie case for recovery, the trial court did not err in granting Mouna's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 2, 1986.

*William J. Williams*, for appellant.
*Carl J. Surrett*, for appellee.