A01A2541. GEORGIA 20 PROPERTIES, LLC v. TANNER.
(564 SE2d 459)

JOHNSON, Presiding Judge.

This appeal involves a contract for the sale of real property owned by an estate. The property was originally owned by Fannie Pharr, who executed a will in 1944 providing for the disposition of the property. Pharr died in 1958. Her will directed that all of her property be given to her five nephews and nieces and that certain property, the real property at issue in this case, be held intact until all of the nephews and nieces had died. Upon the death of the last of Pharr's nephews and nieces, the property was "to be sold and divided

equally" among the nephews' and nieces' children. The last of the nephews and nieces died in May 1997.

In 1996, William Tanner, one of the heirs, was granted letters of administration over Pharr's estate. In January 1997, Tanner signed a contract to sell the property to CH Development, LLC. The contract provided that "approval of the purchase and sale hereunder by the Gwinnett County Probate Court (or such other court having jurisdiction over the Estate of Fannie Pharr, collectively, the 'Court') shall be obtained prior to closing." In the contract, Tanner stated that he had the authority to sell the land on the estate's behalf and that he would obtain any required third party consent to the sale prior to closing. The contract was amended on May 12, 1997, substituting Georgia 20 Properties as the purchaser and extending the closing date to 135 days after the original date of the agreement, which moved the closing to June 1997.[1]

On January 29, 1997, several days after Tanner signed the contract and the same day CH Development signed the contract, Tanner filed a petition with the Gwinnett County Probate Court seeking permission to sell timber rights to the property. The probate court ultimately denied the petition, explaining that the essence of the devisees' interest in the property had already passed to the devisees, that the administrator should have already conveyed the property to the devisees, and that the administrator must convey the property as soon as practicable and close the estate. In its order, the probate court gave no indication that it was informed about the outstanding land sale contract.

In May 1998, after Tanner refused to close the land sale as agreed in the contract, Georgia 20 Properties filed an action in superior court for specific performance against Tanner individually and as administrator of the estate. Tanner moved for summary judgment, arguing that he was without authority to sell the property since, in the timber case, the probate court had ordered him to distribute the property to the heirs, that he was unable to get the required probate court approval of the sale prior to closing, and that he was not liable in his individual capacity. Georgia 20 Properties filed a cross-motion for summary judgment, seeking an order holding that the property is part of the estate, that the estate has the legal authority to sell the property, that the estate is bound by the agreement, and that the administrator has a duty to petition the probate court for leave to sell the property. Georgia 20 Properties also moved for judgment regard-

---

[1] We note that Tanner's contention that the sale was not authorized because one of the heirs was still alive at the time the contract was executed is without merit. Inasmuch as the last heir died before the June closing would have occurred, a sale of the property would have indeed been authorized.

ing Tanner's argument that he cannot be held liable in his individual capacity and as to Tanner's fraud counterclaim.

The trial court held that the sales contract was conditioned upon the approval of the probate court, that Tanner had not sought that approval, that Tanner's failure to seek that approval was justified based on the probate court's decision in the timber case, and that the judgment in the timber case had a res judicata effect upon this case. The trial court granted Tanner's motion for summary judgment as to the land sale contract, granted Georgia 20 Properties' motion for summary judgment as to Tanner's fraud counterclaim, denied Georgia 20 Properties' motion for summary judgment on the contract claim, and held that all other issues raised by Georgia 20 Properties were rendered moot. Georgia 20 Properties appeals.

Georgia 20 Properties argues that the trial court erred in denying its motion for summary judgment when the meaning of the will is clear: the property was a deferred gift that would be sold and the proceeds divided when the last of the nephews and nieces died. Georgia 20 Properties contends that Tanner was therefore authorized by the will to enter into a sales contract on the estate's behalf and that the heirs should not be permitted to profit from Tanner's bad faith effort to frustrate the sale by failing to seek the required probate court approval. Georgia 20 Properties also claims that the trial court erred by granting summary judgment in favor of Tanner, both by misapplying the doctrine of res judicata and by abrogating its own duty to make an independent judgment in the case.

For the reasons set out below, we hold that the trial court erred in granting Tanner's motion for summary judgment and erred in denying Georgia 20 Properties' motion as to whether the property is part of the estate, whether the estate's administrator is authorized to enter into a sales contract, and whether Tanner has a duty to petition the probate court for approval. There was no error in the trial court's refusal to hold that the estate is bound to sell the property as agreed, inasmuch as probate court approval is still required for the sale to close.

1. The principle of res judicata does not operate as a bar in this case. Res judicata requires identity of the cause of action, identity of parties or their privies, and an adjudication on the merits by a court of competent jurisdiction.[2] And, the party against whom the doctrine is raised must have had a full and fair opportunity to litigate the issues.[3] These prerequisites have not been met.

Tanner filed the petition for leave to sell timber off the property on January 29, 1997, five days after he executed the contract to sell

---

[2] *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995).
[3] *In re Estate of Bagley*, 239 Ga. App. 877, 878 (1) (522 SE2d 281) (1999).

the property. Neither CH Development nor its successor, Georgia 20 Properties, was a party to that petition, and nothing in the record suggests that the land purchasers had an opportunity to be heard in the timber case. In its June 1997 order denying the petition, the probate court did not make any reference to the outstanding land sale contract. Although the contract had been executed in January and was amended in May, and though Tanner had an express responsibility under the sales contract to seek approval of the contract in probate court prior to the June closing date, Tanner did not seek the probate court's approval of the pending land sale. In fact, there is no indication in the record that Tanner even notified the probate court that there was an outstanding land sale contract. Interestingly, shortly after Tanner executed the agreement, his sister, also an heir, and her husband complained that the agreed-upon price was too low, so they should seek to get out of the contract. In any event, with the information it had before it, the probate court ordered Tanner to distribute the property to the heirs and close the estate.

In May 1998, after Tanner and the heirs refused to sell the property, Georgia 20 Properties sued Tanner in superior court for specific performance. This action was still pending when, in 1999, Tanner filed an action for declaratory judgment in probate court seeking a holding regarding whether he was authorized to sell the land to Georgia 20 Properties as contracted — given the 1997 probate court order. Georgia 20 Properties moved to dismiss the action and filed a cross-motion for an order permitting Tanner to sell the property. The probate court held that Georgia 20 Properties was without standing to request a construction of Pharr's will. At the same time, the probate court expressly recognized that it lacked jurisdiction concerning the land sale contract entered into between Georgia 20 Properties and Tanner and lacked jurisdiction to determine interests regarding title to land.

It is clear that the causes of action were not identical, the parties were not identical, there has been no decision on the merits by a court of competent jurisdiction, and Georgia 20 Properties did not have a full and fair opportunity to litigate in the timber case the issues raised in the instant case.[4] Tanner failed to meet his burden of proving that the principle of res judicata applied.[5] Therefore, the trial court erred in ruling that Georgia 20 Properties' action for specific performance was barred by the principle of res judicata.

2. Although it declined to independently examine the issue, the superior court should have found that the property was still part of

---

[4] See *Chrison v. H & H Interiors*, 232 Ga. App. 45, 47 (1) (500 SE2d 41) (1998).

[5] *Mayer v. Wylie*, 229 Ga. App. 282, 283 (2) (494 SE2d 60) (1997).

the estate at the time the contract was executed. Such a finding is demanded because the estate was still open, the will had directed that the property be sold and the proceeds distributed upon the death of the last of the nephews and nieces, and the property had not yet been either sold or distributed. Of course, the sale could not close before Tanner obtained the probate court's approval; but it was incumbent upon him to make a good faith effort to get that approval.[6] A party cannot avoid the obligations of a contract by frustrating the performance of a condition precedent.[7]

We point out that once the contract was executed, the remedy of the heirs was not to breach what they saw as an unfair contract, but to present their objections when the petition for leave to sell the land was filed in the probate court. Indeed, the heirs will have the opportunity to object to the sale on the basis that the price is below fair market value when the petition is filed in probate court. We note, however, as explained below, the property's fair market value must be determined as of the time of the contract, not as of the present time.

3. Accordingly, we reverse the judgment of the trial court and remand the case for the court to find, as a matter of law, that at the time the contract was executed the property was part of the estate and that the estate's administrator was authorized to enter into the conditional sales contract on the estate's behalf. The trial court is also directed to order Tanner, as administrator, to immediately petition the probate court for approval of the contract. In deciding whether to approve the contract, the probate court shall consider whether the transaction is fair and in the best interests of the estate[8] in light of the circumstances and conditions which existed at the time the contract was entered into. The court shall consider the fair market value of the property at the time the contract was executed, not the value of the property today, because the law cannot allow events which occurred subsequent to the time the contract was executed to deprive the purchaser of the benefit of his bargain, particularly when it was the seller's duty to seek the probate court's approval soon after the parties entered into the contract.

The grant of summary judgment to Tanner is reversed. The denial of summary judgment to Georgia 20 Properties is reversed as to whether the property is part of the estate, whether the administrator was authorized to enter into a conditional sales contract, and whether the administrator is required to petition the probate court

---

[6] See generally *Whisenant v. Fulton Fed. Sav. &c.*, 200 Ga. App. 31, 33 (1) (406 SE2d 793) (1991).

[7] See *Hammond v. Bank of Newnan*, 217 Ga. App. 49, 50 (1) (456 SE2d 678) (1995).

[8] OCGA § 53-8-34.

for leave to sell the property. On the issue of whether the estate must close the sale, the denial of Georgia 20 Properties' motion for summary judgment is affirmed.

*Judgment affirmed in part and reversed in part and case remanded with direction. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 27, 2002 —
RECONSIDERATION DENIED APRIL 12, 2002 — 

*Sutherland, Asbill & Brennan, William D. Barwick, Cecil F. Whitaker III, Alana B. Zielinski*, for appellant.
*Webb, Tanner & Powell, Anthony O. Powell*, for appellee.